ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>RECURRIDO<br><br>v.<br><br>ERIGARDO LOZADA SÁEZ<br><br>PETICIONARIO | KLCE202300934 | Certiorari procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Número:<br>F MI2023-0077<br><br>Sobre:<br>Vista Regla 6 Alzada Rel., Art. 7.02 Ley 22 |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez

Ortiz Flores, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de septiembre de 2023.

Comparece el señor Erigardo Sáez Lozada (Sr. Lozada; peticionario; imputado) mediante el recurso del epígrafe y nos solicita la expedición de un auto de *certiorari* a los fines de revocar una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI) en el caso F MI2023-0077, que dispuso la celebración de una vista de causa de arresto en alzada.

Adelantamos que se deniega la expedición del auto de *certiorari* sin trámite ulterior bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).[1]

**I**

El 13 de abril de 2023, se presentaron denuncias contra el Sr. Lozada por la comisión de los delitos tipificados en los artículos 5.07 (Art. 5.07) y 7.02 (Art. 7.02) de la Ley 22 de 2000 de 7 de enero de 2000, según enmendada, conocida como *Ley de Vehículos y Tránsito de Puerto Rico* (Ley 22); en esa misma fecha, se celebró una vista sobre determinación de causa para arresto bajo lo dispuesto en la Regla 6 de

---

[1] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

Número Identificador
RES2023_____

Procedimiento Criminal, 34 LPRA Ap. II (Regla 6 de Procedimiento Criminal) en cuanto a los delitos mencionados e imputados al Sr. Lozada. El TPI encontró causa para arresto por el artículo 5.07 y, en cuanto al Art. 7.02 encontró no causa. El peticionario expone en el recurso que "al culminar la vista, por razones ajenas a nuestro conocimiento, el Tribunal le indicó al imputado que se podía retirar y no lo citó"; añade que "acató lo ordenado por el Juez y se retiró." [2]

El 5 de julio de 2023, el Alguacil Díaz dejó una copia de informe de notificación de citación en la residencia del Sr. Lozada para que compareciera el 7 de julio de 2023 ante el salón de sesiones (Sala 206) del Tribunal de Carolina.[3] El peticionario compareció en esa fecha, según citado, y la vista fue reseñalada a solicitud del Ministerio Público. Luego, un alguacil de la Sala 206 le indicó al Sr. Lozada que el Juez asignado al salón de sesiones 202 (Sala 202) solicitó que pasaran a esa sala, por lo que el Sr. Lozada acudió a la Sala 202 y le fue informado por el Juez Eduardo Otero Ruiz que se le había señalado una vista en alzada para causa de arresto por el Art. 7.02 de la Ley 22. El representante legal del Sr. Lozada, indicó que este no había sido citado y/o notificado sobre esa vista en alzada, conforme a las Reglas de Procedimiento Criminal y que, tampoco había sido citado a comparecer ante el Juez de dicha sala, por lo cual reclamó que no se había adquirido jurisdicción sobre el peticionario. La defensa también indicó que la única razón por la cual el imputado se

---

[2] *Certiorari* criminal, págs. 2-3.
[3] *Id.*, pág. 3, donde el peticionario hace referencia al Anejo II; sin embargo, al examinar los anejos incluidos en el recurso, estos son los siguientes:

1. copia de una Notificación electrónica en el caso F MI2023-0077 que certifica y notifica al peticionario que el TPI "emitió una minuta el 7 de julio de 2023" y que "se aneja copia o incluye enlace"; y

2. copia de una *Minuta* sobre una Vista de Regla 6 en Alzada en el caso F MI2023-0077 en la Sala 202 del TPI, de 3 páginas, que no incluye la página final que debe reflejar la fecha de emitida y otros datos correspondientes. (Al examinar esa copia anejada al recurso, su contenido coincide con lo argumentado por el peticionario en su recurso.)

Luego de presentarse el recurso de *certiorari* ante nuestra consideración, la Secretaria del Tribunal de Apelaciones le envió al peticionario una *Carta de trámite notificando deficiencia en escrito presentado en el Tribunal de Apelaciones*, emitida el 25 de agosto de 2023. El peticionario contestó mediante una *Moción en cumplimiento de orden* presentada el 19 de septiembre de 2023, en la cual no incluyó documentos adicionales.

encontraba ante la Sala 206 fue porque el alguacil de la Sala 202 le había solicitado que así lo hiciera.

El peticionario afirma en su recurso que "el juez coincidió en que de los autos no surgía que el imputado había [sido] citado a comparecer ante su sala"; sin embargo, "y con objeción de la defensa a los efectos de que no [se renunciaba] al planteamiento de falta de jurisdicción, el Tribunal ordenó celebrar la vista de causa para arresto en alzada, o en su defecto, la vista evidenciaría a los efectos si procedía o no la desestimación de la denuncia en violación a los términos de juicio rápido según la Regla 64 de Procedimiento Criminal."[4]

Al examinar la copia de la Minuta de una vista celebrada en la Sala 202 del TPI en el caso F MI2023-0077, que se incluyó como Anejo del recurso, surge lo siguiente:

1. A la Vista de Regla 6 en Alzada contra el [Sr. Lozada], comparecieron el Ministerio Público representado por el Fiscal Ricardo Rodríguez Colón y el imputado representado por el Lcdo. Juan Gabriel Diez Díaz.

2. Estuvieron presentes Marystella Gutiérrez Alvarado, Sandra Gutiérrez Alvarado y Daniel Ramos Cruz, y se expone que el PM Elías Javier Martínez Colón, está en camino, según informó el Ministerio Público.

3. El Tribunal examinó el expediente e hizo constar que la Vista de Regla 6 en el caso fue ante la consideración del Juez Puldón el 13 de abril de 2023, que **no fue hasta el 9 de mayo de 2023 que se citó** y **se realizaron las gestiones para citar al imputado en las direcciones brindadas por él pero la misma no pudo ser diligenciada**.

4. La defensa expresa lo siguiente: que en este caso fue radicada una denuncia por el Art. 7.02 de la Ley 22 que No Causa y otra por el Art. 5.07 Ley 22 que fue Causa en la Vista de Regla 6; que en dicha vista, por error involuntario del Tribunal, mi representado no fue citado para vistas posteriores, y tampoco fue citado para la celebración de esta Vista de Regla 6 en Alzada, según surge del expediente; que no es hasta el día de hoy, que comparecen a otra Sala y que les informan del señalamiento de esta Vista ante su consideración; que **no están renunciando a los planteamientos en derecho y a las defensas que le asisten a su representado al amparo de la Regla 64N-7 y que en particular, porque dicha Vista en Alzada no se ha celebrado dentro de los términos**; que, sin entrar en los méritos de la Vista, su planteamiento es a los efectos

---

[4] *Certiorari* criminal, pág. 3.

de solicitar la desestimación de la presente causa de acción.

5. El Ministerio Público expresa que tiene objeción a la solicitud de la defensa, ya que solamente es en cuanto al "issue" de los términos y **no ha presentado los 4 elementos que se requieren para una desestimación al amparo de la Regla N-7**, y que, siendo así, solicita la celebración de la Vista a tales efectos.

6. El Tribunal concede un turno posterior, para dar oportunidad a que llegue el PM Elías Javier Martinez Colón y poder celebrar la Vista de Desestimación, y aclara que el hecho de entrar a ver la Vista, no quiere decir que automáticamente el Tribunal está adquiriendo jurisdicción ni descartando las alegaciones de la defensa y tampoco las de Fiscalía.

7. Llamado el caso nuevamente, comparecen todas las partes antes mencionadas y además, está presente el PM Elías Javier Martinez Colón.

8. El Tribunal aclara que se va a celebrar **la Vista de Desestimación al Amparo de la Regla 64N-7** según los planteamientos de la defensa, y que, **una vez se tome la determinación, si procede, será celebrada la Vista de Regla 6 en Alzada**.

9. Se tomó juramento a los testigos y quedaron bajo la Regla del Tribunal; el Tribunal hace referencia a los 4 criterios de la Regla 64N-7 que debe contener la solicitud de desestimación; en primer lugar, el término de los 60 días a partir de la determinación de No Causa en la Vista de Regla 6 y que, a tales efectos, se deberá celebrar una Vista para determinar la causa de la dilación, el perjuicio causado por tardanza y quién la provocó.

10. Comienza la defensa con sus planteamientos y expresa que su representado no fue debidamente citado para la Vista de Regla 6 en Alzada; añade, que luego de la determinación de No Causa en la Vista de Regla 6 el día 13 de abril de 2023, han transcurrido más de 60 días; indica que el causante de dicha demora ha sido el Ministerio Público; en cuanto al perjuicio a su cliente, indica que su representado aún tiene un caso pendiente en otra Sala relacionado con este asunto y, que hace dos o tres semanas recibió una llamada indicándole que supuestamente habían presentado una Alzada y que tenía que acudir al Tribunal; expone que desde esa fecha no ha podido dormir, ha tenido que ausentarse a su empleo e incluso, esta situación ha sido la causa para que terminara la relación con su pareja; añade que, siendo así, su representado cumple con los 4 requisitos al amparo de la Regla 64N-7, por lo que, se solicita la desestimación.

11. El Ministerio Público hizo un resumen del tracto procesal en este caso; expone que la Vista de Regla 6 se celebró el 13 de abril de 2023 y que hubo una determinación de causa en el Art. 5.07 de la Ley 22 y una determinación de no causa en el Art. 7.02 de la Ley 22; añade que se recurrió en la Alzada en cuanto al Art. 7.02 de la Ley 22

el 9 de mayo de 2023, y la Vista fue señalada para el 2 de junio de 2023, dentro de los términos; el Ministerio Público afirma que hizo lo que se tenía que hacer, y que el Tribunal hizo las gestiones para citar al acusado a la dirección provista por él mismo, según surge del expediente y además, a la dirección que surge de la licencia de conducir, y es **en ambas direcciones que se procede a diligenciar la citación del Tribunal** y **nadie lo conoce allí**; aclara que **esto es lo que estaría declarando el PM Elías Javier Martínez Colón**; además, señala que **la defensa expuso que el acusado recibió una llamada informándole sobre el proceso de la Alzada y que debía comparecer al Tribunal a tales efectos**, y que, **en cuanto al perjuicio, la defensa no ha presentado prueba completa y real en cuanto a sus alegaciones**.

12. Escuchadas ambas partes, el Tribunal solicita sea traído el testigo, PM Elías Javier Martínez Colón; el Tribunal imparte las instrucciones al testigo en cuanto al proceso.

13. Comienza el Ministerio Público con el interrogatorio del testigo, PM Elías Javier Martínez Colón; **la defensa estipula la capacidad del PM Elías Javier Martínez Colón**; continúa el Ministerio Público con el interrogatorio del testigo, PM Elías Javier Martínez Colón y, durante el mismo, solicita que se marque como Identificación 1 las notas del agente; el Tribunal declara Ha Lugar la solicitud del Ministerio Público, y procede la Secretaria de Sala a anunciar la prueba marcada como **Identificación 1 del MP** - NOTAS DEL AGTE. (3 Folios).

14. Continúa el Ministerio Público con el interrogatorio del testigo, PM Elías Javier Martínez Colón y, durante el mismo hace **referencia a las notas del agente y solicita que sean admítidas en evidencia** y se marque como Exhibit I; a preguntas del Tribunal, **la defensa expresa no tener objeción**; el **Tribunal declara Ha Lugar la solicitud del Ministerio Público**, y procede la Secretaria de Sala a anunciar la prueba marcada como **Exhibit 1 del MP** (**sin objeción de la defensa**) - NOTAS del AGTE (3 Folios).

15. Procede la defensa con el contra-interrogatorio del testigo, PM Elías Javier Martínez Colón; el Ministerio Público utiliza su turno para un corto re-directo al testigo PM Elías Javier Martínez Colón.

16. Terminada la Vista Evidenciarla, **el Tribunal luego de aquilatar prueba testifical y examinar la prueba documental, determina que no se han demostrado los cuatro (4) elementos necesarios para la desestimación de la presente causa de acción al amparo de la Regla 84 N-7 de las de Procedimiento Criminal**.

17. La defensa solicita la reconsideración del Tribunal y hace sus argumentaciones a tales efectos.

18. El Tribunal declara No Ha Lugar a solicitud de reconsideración de la defensa.

19. Siendo así, la defensa solicita el término de 30 días para recurrir a la determinación; solicita se le notifique Resolución a tales efectos; añade que el otro asunto en la Sala 206, quedó señalado para el 25 de agosto de 2023.

Inconforme con lo dispuesto, el peticionario expone en su recurso de *certiorari* los siguientes señalamientos:

1. Erró el TPI al concluir que tenía jurisdicción sobre la persona del imputado.

2. Erró el TPI al concluir que el imputado había sido citado a la celebración de la vista de causa de arresto en alzada conforme a lo establecido en las Reglas de Procedimiento Criminal.

3. Erró el TPI al celebrar una vista evidenciaria sin el imputado ser citado conforme a las Reglas de Procedimiento Criminal.

4. Erró el TPI al determinar no desestimar la denuncia en contra del imputado [,] luego de haber transcurrido 83 días desde la determinación de causa para arresto sin existir justa causa.

**II**

**A. El auto de *certiorari***

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Pueblo v. Díaz De León*, 176 DPR 913, 917 (2009). Para determinar si procede la expedición de un auto de *certiorari*, la Regla 40 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, R.40, dispone que debemos considerar lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es decir, estamos obligados a evaluar "tanto la *corrección de la decisión recurrida*[,] *así como la etapa del procedimiento en que es presentada*; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio." *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008), que cita a *Negrón v. Srio. de Justicia*, 154 DPR 79, 97 (2001). Asimismo, se ha resuelto que "los tribunales apelativos no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

### B. Regla 64 de Procedimiento Criminal

Según ha expresado nuestro Tribunal Supremo, "el derecho a juicio rápido no está del todo determinado y es en parte variable y flexible ya que pretende salvaguardar tanto el orden público como la libertad individual." *Pueblo v. Custodio Colon*, 192 DPR 567, 579-580 (2015), que cita a *Pueblo v. Carrión*, 159 DPR 633, 640 (2003). De esta forma, se persigue realizar un balance entre los derechos de un acusado, y el interés social en hacer justicia pública. *Id*. Se trata de un derecho que emana del Artículo II, Sección 11 de la Constitución del Estado Libre Asociado de Puerto Rico el cual confiere "de manera general" el derecho a un juicio rápido a todo imputado de delito. *Pueblo v. Valdés et al.*, 155 DPR 781, 788 (2001), que cita a: *Pueblo v. Candelaria*, 148 DPR 591 (1999); *Pueblo v. Rivera Tirado*, 117 DPR 419 (1986); *Pueblo v. Opio Opio*, 104 DPR 165 (1975). Sin embargo, no existe una protección absoluta para el acusado a un juicio rápido, y el mismo no opera en un vacío. *Pueblo v. Custodio Colon*, *supra*, a la pág. 581.

Conforme a este derecho, la Regla 64 de Procedimiento Criminal, 34 LPRA Ap. II, R. 64, dispone sobre "ciertos términos que rigen las etapas del periodo concebido entre el arresto del ciudadano hasta el momento de su juicio, los cuales [son] términos [que] el legislador consideró constitucionalmente razonables para salvaguardar dicho mandato constitucional." *Pueblo v. Valdés et al.*, *supra*, a la pág. 788.

En lo pertinente al caso antes nosotros, la Regla 64 (n) (7) dispone que "[l]a moción para desestimar la acusación o denuncia, o cualquier cargo de las mismas solo podrá basarse", entre otras circunstancias, en "[q]ue se celebró una vista de causa probable para arresto o citación luego de los 60 días de la determinación de no causa." 34 LPRA Ap. II, R. 64(n)(7).

Al presentarse una moción de desestimación por violación a los términos de juicio rápido, el TPI está obligado a ponderar y adjudicar bajo los siguientes cuatro criterios: "(1) la duración de la tardanza; (2) las razones para la dilación; (3) si el acusado invocó oportunamente el derecho a un juicio rápido [;] y (4) el perjuicio resultante de la tardanza." *Pueblo v. Rivera Santiago*, 176 DPR 559, 574 (2009), que cita a: *Pueblo v. Guzmán*, 161 DPR 137, 154-155 (2004); *Pueblo v. Candelaria*, 148 DPR 591, 598 (1999).

El Tribunal Supremo ha aclarado que, en lo referente a la tardanza, aunque "[u]na dilación mínima es requisito de umbral para que [proceda] un planteamiento de violación a juicio rápido", no se trata simplemente de una tardanza, o el paso del tiempo. *Pueblo v. Valdés et al.*, *supra*, a la pág. 793. En otras palabras, "la mera inobservancia del término, per se, no necesariamente acarrea una violación al derecho a juicio rápido, ni conlleva la desestimación de la denuncia o la acusación." *Pueblo v. Rivera Santiago, supra*, a la pág. 574, que cita a: *Pueblo v. Valdés et al., supra*, a la pág. 793; *Pueblo v. Candelaria*, *supra*, a la pág. 599. Por lo tanto, la desestimación sólo debe concederse, luego realizar "un análisis

ponderado del balance de los criterios esbozados." *Pueblo v. Valdés et al., supra*

En cuanto al cómputo de los términos de juicio rápido que disponen las Reglas de Procedimiento Criminal, estos comienzan "a decursar con la presentación del pliego acusatorio." *Pueblo v. Rivera Santiago*, 176 DPR, a la pág. 575. Sin embargo, se ha reconocido que un mero incumplimiento de los términos de la Regla 64 (n), anteriormente mencionados, por sí solo, no constituye una violación al derecho a juicio rápido. *Pueblo v. García Colón* I, 182 DPR 129, 143 (2011), que cita a: *Pueblo v. Guzmán*, *supra*, a la pág. 154; *Pueblo v. Candelaria*, *supra*, a las págs. 597-598. Esto es así, ya que la propia Regla 64 dispone que la desestimación procederá, salvo "que se demuestre justa causa para la demora", o que la dilación se deba a solicitud del acusado, o con el consentimiento de este. Regla 64 (n). Al determinar la existencia de justa causa para extender los términos de juicio rápido, se debe realizar un análisis caso a caso, "dentro de los parámetros de razonabilidad." *Pueblo v. García Colón I*, *supra*, a la pág. 143, que cita a: *Pueblo v. Guzmán*, *supra*, a las págs. 154 y 156; *Pueblo v. Valdés et al.*, *supra*, a las págs. 790-791.

En esencia, cuando exista una alegación de violación a los términos de juicio rápido, el Tribunal deberá "determinar si existe justa causa para la demora, o si se debió a la solicitud del acusado o a su consentimiento." *Pueblo v. Custodio Colon*, *supra*, a la pág. 582. Por un lado, sobre el asunto del consentimiento, es norma reiterada que los derechos constitucionales no deben entenderse renunciados, salvo que se establezca una renuncia de manera expresa, voluntaria, y con conocimiento de las consecuencias de la renuncia. *Id.* Por otro lado, "'si se trata de una táctica dilatoria en busca de ventaja para el acusado, la ausencia de objeción oportuna puede constituir una renuncia al derecho'." *Id.*, que cita a O.E. Resumil, *Derecho procesal penal*, Orford, Ed. Equity, 1990, T. 2, Sec. 25.8, pág. 275.

Por último, se ha pautado por el Tribunal Supremo que, "el perjuicio que alegue el acusado como producto de una violación a su derecho a juicio rápido no puede ser algo abstracto ni estar apoyado únicamente en un simple cálculo matemático." *Id.*, a las págs. 583-584.

A la luz de la normativa expuesta, pasemos a disponer concretamente del caso ante nuestra consideración.

**III**

El peticionario señaló en el recurso de *certiorari* que el TPI se equivocó al **concluir que tenía jurisdicción sobre su persona y que había sido citado a la celebración de la vista de causa de arresto en alzada** conforme a lo establecido en las Reglas de Procedimiento Criminal, **al celebrar una vista evidenciaria sin ser citado el Sr. Lozada conforme a las Reglas de Procedimiento Criminal y al determinar no desestimar la denuncia en su contra, luego de haber transcurrido 83 días desde la determinación de causa para arresto sin existir justa causa**.

En esencia, surge del recurso ante nuestra consideración que, el 7 de julio de 2023 y en corte abierta en la Sala 202, la defensa presentó una moción de desestimación de la solicitud del Ministerio Público para la celebración de una vista en alzada para determinación de causa para arresto bajo la Regla 6 de Procedimiento Criminal contra el peticionario, por haber transcurrido más de 60 días para celebrar y por incumplimiento a lo dispuesto en la Regla 64(n)(7) de Procedimiento Criminal. Al examinar la minuta de la vista celebrada el 7 de julio de 2023, en la Sala 202 antes citada, vemos que el Juez que presidió la vista determinó celebrar una Vista de Desestimación al Amparo de la Regla 64N-7 según los planteamientos de la defensa y, luego de adjudicar sobre esa moción, determinar si procede celebrar la Vista de Regla 6 en Alzada.

El Tribunal examinó el expediente e hizo constar que la Vista de Regla 6 en el caso fue ante la consideración del Juez Puldón el 13 de abril de 2023, que **no fue hasta el 9 de mayo de 2023 que se citó** y se

realizaron las gestiones para citar al imputado en las direcciones brindadas por él, pero la misma no pudo ser diligenciada. Se recibió el testimonio del PM Elías Javier Martínez Colón, quien declaró sobre las gestiones para localizar al imputado, y fue contrainterrogado por el abogado del imputado; la defensa estipuló la capacidad del PM Elías Javier Martínez Colón y no tuvo objeción para la admisión de prueba documental identificada como "**Exhibit 1 del MP (sin objeción de la defensa**) - NOTAS del AGTE". Finalmente, el foro recurrido, con el beneficio de la prueba testifical y documental recibida, aquilatada y creída, conforme a lo pautado por el Tribunal Supremo sobre los criterios aplicables bajo la Regla 68 (n) (7) de Procedimiento Criminal, determinó que no procedía la desestimación de la solicitud de celebración una Vista en alzada bajo la Regla 6 de Procedimiento Criminal a los fines de determinar si hay causa para procesar al Sr. Lozada por la comisión del delito tipificado en el Art. 7.02 de la Ley 22.

Luego de examinar detenidamente el recurso y los anejos presentados por el peticionario y, conforme al derecho aplicable reseñado previamente, nos corresponde analizar si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, debemos o no expedir el auto de *certiorari*. Evaluado el dictamen recurrido, este no cumple con los criterios antes esbozados de la Regla 40. No vemos que, en el manejo del caso ante el TPI, se incurrió en un abuso de discreción o que este haya actuado bajo prejuicio o parcialidad. Tampoco se demostró que, el TPI se haya equivocado en la interpretación o aplicación de una norma procesal y que, intervenir en esta temprana etapa, evitaría un perjuicio sustancial contra el peticionario.

Por lo tanto, ante la falta de abuso de discreción, parcialidad o prejuicio por el foro primario en la resolución recurrida y dentro de nuestra discreción, no encontramos una razón que justifique nuestra intervención en el presente caso. Luego de un análisis ponderado y balanceado de los

criterios para determinar si procede o no la desestimación bajo lo dispuesto en la Regla 64 (n), resolvemos que el foro recurrido merece nuestra deferencia y que procede denegar el recurso de *certiorari.*

**IV**

Por los fundamentos anteriormente expuestos y que hacemos formar parte de este dictamen, se deniega la expedición del auto de *certiorari*.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones