ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| EL PUEBLO DE PUERTO RICO<br>Parte Peticionaria<br><br>v.<br><br>DAVID ANDINO VÁZQUEZ<br>Parte Recurrida | KLCE202400054 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Criminal Núm.:<br>D LA2023G0043<br>D LA2023G0044<br>D LA2023G0045<br>D SC2023G0033<br>D SC2023G0034<br><br>Sobre:<br>INFR. ART. 6.02 LEY 168; INFR. ART. 6.09 LEY 168; INFR. ART. 6.12D LEY 168; INFR. ART. 401 LEY 4 (2 CASOS) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de febrero de 2024.

Comparece el Pueblo de Puerto Rico, representado por la Oficina del Procurador General y solicita que revisemos la *Resolución* emitida el 11 de septiembre de 2023, y notificada el 13 de octubre de 2023, por el Tribunal de Primera Instancia (TPI), Sala de Bayamón. Mediante el referido dictamen, el TPI desestimó los casos de epígrafe por violación a los términos para la celebración de un juicio rápido dispuestos en la Regla 64(n)(4) de Procedimiento Criminal, *infra.*

Transcurrido el término para que la parte recurrida presente su alegato en oposición a la expedición del auto, sin que hubiera comparecido, damos por perfeccionado el recurso y procedemos a su adjudicación.

Evaluada la solicitud y los documentos que obran en autos, a tenor con lo dispuesto en la Regla 40 del Reglamento de este Tribunal[1], y por los fundamentos que exponemos a continuación, se expide el auto de *certiorari* y se revoca la resolución recurrida.

## I.

El 29 de agosto de 2022, el Ministerio Público presentó dos denuncias en contra del Sr. David Andino Vázquez. El 12 de enero de 2023, se presentaron otras tres denuncias en su contra, por los mismos cargos presentados en igual fecha en contra de los señores Jonathan Andino Vázquez y Roberto Antonio Medina Pagán. El 31 de enero de 2023, se determinó causa para arresto contra todos los imputados por todos los delitos.[2] Los imputados prestaron la fianza impuesta y quedaron bajo supervisión electrónica.

El 21 de marzo de 2023, se determinó causa para acusar contra todos los imputados por los delitos mencionados.[3] Así, el 24 de marzo de 2023, se presentaron las acusaciones.[4] El acto de lectura de acusación se llevó a cabo el 17 de abril de 2023. La vista para el juicio en su fondo fue señalada para el 15 de mayo de 2023. Ese día, en su lugar, se celebró una vista sobre el estado de los procedimientos y el TPI señaló el juicio para el 31 de mayo de 2023.[5]

Surge de la minuta de la vista pautada para comenzar el juicio que solamente comparecieron tres (3) de los (9) nueve testigos de cargo. Luego de conversaciones en el estrado, el TPI informó que el asunto sería reseñalado. A preguntas del tribunal, la Defensa manifestó que la nueva fecha había sido escogida por las partes, pero hizo constar que el Ministerio Público no se encontraba preparado ese día. Además, la Defensa puntualizó que no

---

[1] 4 LPRA Ap. XXII-B, R.40.
[2] Apéndice del recurso, págs. 1-22.
[3] *Íd.*, págs. 23-32.
[4] *Íd.,* págs. 37-58.
[5] *Íd.,* págs. 59-61.

renunciaba a los términos de juicio rápido. El juicio en su fondo quedó pautado para el 18 de julio de 2023.[6]

En esa vista del 18 de julio de 2023, el Ministerio Público expresó que solamente compareció un testigo de cargo y que había otro testigo que estaba disponible, aunque no presente en sala. Por ello, expresó que no se encontraba preparado para iniciar los procedimientos. El tribunal reconoció que los términos para la celebración del juicio vencían el 24 de julio de 2023, pero expresó que los términos podían extenderse. Así, y luego de conversaciones en el estrado, el TPI ordenó la citación de dos testigos de cargo, entre éstos, el agente confidente participante, denominado Agente 007. Además, destacó que el próximo señalamiento sería el último día de los términos extendidos y pautó el juicio para el 2 de agosto de 2023.[7]

El 2 de agosto de 2023, solamente comparecieron cuatro (4) de los nueve (9) testigos del Ministerio Público. Según surge de la minuta, la Defensa expresó que, para poder iniciar el juicio, tenían que estar presentes en sala todos los testigos de cargo para ser juramentados y puestos bajo las reglas del tribunal; en particular, el Agente 007. Entonces, ante la falta de varios de los testigos de cargo, la Defensa solicitó la desestimación de las acusaciones por violación a los términos de juicio rápido. Por su parte, el Ministerio Público manifestó que se encontraba preparado para el juicio y que comenzaría el caso con los testigos que estaban presentes en sala. Trabada la controversia, el tribunal indicó que tendría que celebrar una vista evidenciaria en cuanto a los términos de juicio rápido y sugirió que se podía señalar otra fecha para que los testigos

---

[6] *Íd.,* págs. 63-64.
[7] *Íd.,* págs. 65-66.

estuvieran presentes y comenzar los procedimientos. Así, el acto del juicio quedó señalado para el 11 de septiembre de 2023.[8]

Llegado el día, solo comparecieron tres (3) testigos de cargo y un cuarto testigo se encontraba disponible, pero no en sala. El Agente 007 no compareció. La Defensa hizo un recuento de todas las suspensiones suscitadas por el Ministerio Público y en las cuales planteó su derecho a un juicio rápido. El Ministerio Público expresó estar preparado y solicitó que se comenzara el juicio con los testigos que estaban disponibles en sala. La Defensa insistió en que todos los testigos de cargo tenían que estar presentes en sala para poder comenzar el juicio, en particular, el Agente 007.

El TPI expresó que ese testigo nunca había comparecido, que se habían extendido los términos para que el Ministerio Público estuviera preparado y que "preparados significa que estén todos los testigos disponibles o que se diga cuándo van a estar [,] ya sea en esta tarde o mañana".[9] El foro añadió que:

> … está claro que no puede indicarles [al Ministerio Público] si están preparados o no, lo que sucede es que tienen que indicarnos, estamos para el primer día del juicio, y los testigos tienen que estar disponibles o renunciarse a ellos y ponerse a disposición, o indicarnos que por lo menos en dos días van a estar aquí, (…).
>
> […]
>
> … [E]n cuanto al otro testigo, cuándo va a estar disponible, porque ahora se está planteando algo diferente, como la posibilidad de que él no venga. (…).
>
> …[S]i el Ministerio Público nos dice que lo vamos a traer mañana o una fecha cierta, entonces sería diferente, pero están diciendo que están preparados, pero no saben si el testigo va a venir o no.[10]

Entonces, el TPI celebró la vista evidenciaria estatuida en la Regla 64(n) de Procedimiento Criminal. Conforme se desprende de la minuta, la prueba del Ministerio Público consistió en el testimonio

---

[8] *Íd.,* págs. 67-70.
[9] *Íd.,* pág. 76.
[10] *Íd.,* págs. 77-78.

del agente Efraín Peña Santana. Tras el contrainterrogatorio, el Tribunal concedió un receso hasta la tarde para que compareciera el Agente 007.

En la sesión de la tarde, luego de reinterrogar al agente Peña Santana, el Ministerio Público solicitó que se eliminara de la acusación al testigo ausente Agente 007 y que se procediera con la celebración del juicio. Acto seguido, la Defensa reiteró su solicitud de desestimación al amparo de la Regla 64(n)(4) de Procedimiento Criminal, *supra*. Escuchados los argumentos de las partes, el TPI desestimó las acusaciones por violación a los términos de juicio rápido establecidos en la mencionada regla y ordenó la remoción de la supervisión electrónica a todos los acusados. La *Minuta Resolución* que recoge lo acontecido en la vista del 11 de septiembre de 2023 contiene la firma del juez que presidió el procedimiento.[11]

El 13 de octubre de 2023, el TPI notificó la *Resolución*, mediante la cual "[p]or los fundamentos expuestos en corte abierta" desestimó las acusaciones al amparo de la Regla 64(n)(4) de Procedimiento Criminal.[12]

El Ministerio Público presentó una oportuna moción de reconsideración, a la que se opuso el Sr. David Andino Vázquez (Sr. Andino Vázquez). Mediante resolución dictada el 3 de octubre de 2023, y notificada el 13 de octubre de 2023, el TPI denegó la moción en oposición a la moción de reconsideración. En dicha resolución, el foro primario nada dispuso en cuanto a la moción de reconsideración presentada por el Ministerio Público.

El 13 de noviembre de 2023, el Pueblo de Puerto Rico, representado por la Oficina del Procurador General, incoó el recurso de *certiorari* KLCE202301266. El 29 de noviembre de 2023, este foro apelativo intermedio desestimó por prematuro el recurso, al concluir

---

[11] *Íd.*, págs. 72-82.
[12] *Íd.,* pág. 86.

que la moción de reconsideración estaba todavía pendiente de resolver ante el foro primario.[13]

Así las cosas, el Ministerio Público presentó ante el TPI una *Moción Solicitando Enmienda Nun Pru Tuc – Urgente* (sic), solicitando que se adjudicara su solicitud de reconsideración. En respuesta, el foro de primera instancia denegó la solicitud de reconsideración, mediante resolución emitida el 13 de diciembre de 2023, y notificada el 14 de diciembre de 2023.[14]

Entonces, el 16 de enero de 2024, el Pueblo de Puerto Rico instó el recurso de *certiorari* de epígrafe para impugnar nuevamente la resolución emitida por el TPI el 11 de septiembre de 2023, que desestimó las acusaciones por violación a los términos de juicio rápido establecidos en la Regla 64(n)(4) de Procedimiento Criminal. En su recurso, el Pueblo de Puerto Rico apuntó el siguiente señalamiento de error:

> El Tribunal de Primera Instancia erró al dejar de fundamentar por escrito los fundamentos de su decisión de desestimar las acusaciones contra los recurridos, al amparo de la Regla 64(n) de las de Procedimiento Criminal, contraviniendo la instrucción de dicha regla y privando a las partes de comprender exactamente las bases para su determinación.

## II.

El derecho constitucional a un juicio rápido está consagrado en la Sexta Enmienda de la Constitución de Estados Unidos y en el Art. II, Sec. II de la Constitución de Puerto Rico. LPRA, Tomo 1. Este se activa una vez el ciudadano está sujeto a responder ("held to answer"), ya sea porque fue arrestado o porque de alguna forma se pone en movimiento el mecanismo procesal que lo expone a una condena.[15]

---

[13] *Íd.,* págs. 178-185.
[14] *Íd.,* pág. 190.
[15] *Pueblo v. Martínez Hernández,* 208 DPR 872, 882 (2022).

La Regla 64(n) de Procedimiento Criminal[16] establece los términos de juicio rápido que rigen cada etapa del proceso penal. La dilación en iniciar el juicio podría conllevar la desestimación de la acción penal.[17]

En lo pertinente a la controversia ante nuestra consideración, la Regla 64(n)(4) de Procedimiento Criminal[18] dispone lo siguiente:

> La moción para desestimar la acusación o denuncia, o cualquier cargo de las mismas solo podrá basarse en uno o más de los siguientes fundamentos:
>
> .        .        .        .        .        .        .
>
> (n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:
>
> .        .        .        .        .        .        .
>
> (4) Que el acusado no fue sometido a juicio dentro de los ciento veinte (120) días siguientes a la presentación de la acusación o denuncia.
>
> .        .        .        .        .        .        .

La Regla 64(n), *supra,* también dispone que el tribunal no podrá desestimar una acusación o denuncia sin antes celebrar una vista evidenciaria en la que las partes podrán presentar prueba y el magistrado considerará los siguientes aspectos: (1) duración de la demora; (2) razones para la demora; (3) si la demora fue provocada por el acusado o expresamente consentida por éste; (4) si el Ministerio Publico demostró la existencia de justa causa para la demora, y (5) los perjuicios que la demora haya podido causar.

Ninguno de estos criterios es determinante en la adjudicación del reclamo de violación a los términos de juicio rápido. El peso de cada uno está supeditado a las demás circunstancias relevantes que el tribunal está obligado a examinar. La determinación de lo que constituye justa causa será caso a caso y deberá estar basada en la

---

[16] 34 LPRA Ap. II, R. 64(n).
[17] *Pueblo v. Martínez Hernández,* supra, pág. 883.
[18] 34 LPRA Ap. II, Regla 64(n)(4).

totalidad de las circunstancias y dentro de los parámetros de razonabilidad.[19]

Por tanto, el mero incumplimiento con los términos de la Regla 64(n) de Procedimiento Criminal no constituye, por sí sola, una violación al derecho a juicio rápido. Cónsono con ello, y según se desprende de la propia Regla, los términos en ella dispuestos pueden ser extendidos ante la existencia de justa causa, o cuando la demora ha sido ocasionada por el propio acusado o con su consentimiento.

Una vez el acusado reclama oportunamente violación a los términos de juicio rápido, el Ministerio Público tiene el peso para demostrar que la demora obedece a una justa causa. No obstante, también puede demostrar que la demora la ocasionó el acusado o que este renunció al derecho a juicio rápido de forma expresa, voluntaria y con pleno conocimiento de su causa. Las demoras intencionales y opresivas no son justa causa.[20] Es decir, al Estado le corresponde aducir una razón que justifique la demora o que la ocasionó el imputado.[21] En caso de que el Tribunal de Primera Instancia determine que no hubo justa causa, procederá la desestimación del proceso penal.[22]

Por su parte, el imputado tiene que demostrar que la dilación le ocasionó un perjuicio. Sin embargo, eso no significa que tiene que demostrar un estado de indefensión. Únicamente tiene que demostrar que ha sufrido un perjuicio, pero esa obligación no se cumple con generalidades. El perjuicio sufrido tiene que ser específico, no puede ser abstracto, ni apelar a un simple cómputo del rigor matemático. Por el contrario, el perjuicio tiene que ser real y sustancial.[23] Las demoras institucionales que de ordinario se atribuyen al Estado y que no son con el propósito de perjudicar al

---

[19] *Pueblo v. Custodio Colón,* 192 DPR 567, 583 (2015).
[20] *Pueblo v. Santa Cruz,* 149 DPR 223, 238-239 (1999).
[21] *Pueblo v. Rivera Santiago,* 176 DPR 559, 572 (2009).
[22] *Pueblo v. Martínez Hernández,* supra, pág. 883.
[23] *Pueblo v. Valdés et al.,* 155 DPR 781, 792 (2001).

imputado son evaluadas con menos rigurosidad que las intencionales.[24] Debemos señalar que, cuando la suspensión de un juicio es por justa causa o por causa atribuible al imputado, los términos de juicio rápido comienzan nuevamente a discurrir desde la fecha en que esté señalada la vista.[25]

Por último, la Regla 64(n), *supra,* enuncia que "[u]na vez celebrada la vista, **el magistrado consignará por escrito los fundamentos de su determinación, de forma tal que las partes tengan la oportunidad efectiva y objetiva de evaluar, si así lo solicitan, la reconsideración o revisión de dicha determinación**". (Énfasis suplido).

**III.**

En su recurso, el Pueblo de Puerto Rico alega que el TPI erró al desestimar las acusaciones por violación a los términos de juicio rápido sin consignar por escrito los fundamentos de su determinación. Tiene razón.

En este caso, la vista evidenciaria estatuida en la Regla 64(n) de Procedimiento Criminal fue celebrada el 11 de septiembre de 2023. La *Minuta Resolución* de la vista tiene doce (12) páginas que resumen lo que ocurrió en sala ese día. La Defensa hizo un recuento de todas las suspensiones suscitadas por la falta de preparación del Ministerio Público y las ocasiones en las que planteó su derecho a un juicio rápido. Ambas partes argumentaron respecto al señalamiento de la Defensa referente a la necesidad de comparecencia de todos los testigos de cargo al inicio juicio. Escuchadas las argumentaciones, el TPI desestimó las acusaciones en corte abierta. Luego, en la *Resolución* emitida el mismo día, el TPI se limitó a consignar que desestima las acusaciones "por los fundamentos expuestos en corte abierta".

---

[24] *Íd.*
[25] *Íd.,* págs. 791-792.

Sin embargo, de dicha *Minuta Resolución* no se desprende el razonamiento judicial o los fundamentos que tuvo el tribunal para conceder la solicitud de la Defensa y decretar la desestimación de las acusaciones. Ésta meramente resumió las incidencias acaecidas en el proceso judicial.

Conforme la Regla 64(n) de Procedimiento Criminal, la desestimación de una acusación tiene que estar basada en el análisis de los aspectos así especificados. Así también, la precitada regla exige que el magistrado consigne por escrito los fundamentos de su determinación, de forma tal que las partes tengan la oportunidad efectiva y objetiva de solicitar la reconsideración o revisión de dicha determinación.

La información escueta de la *Resolución* recurrida y aquella contenida en la *Minuta Resolución* a la que alude, no constituye la decisión escrita y fundamentada que exige la Regla 64(n) de Procedimiento Criminal, *supra,* para que las partes tengan una oportunidad efectiva y objetiva de solicitar la reconsideración o revisión de dicha determinación. Así pues, luego de leer la *Resolución,* así como la *Minuta Resolución* de la vista evidenciaria llevada a cabo para evaluar los criterios de la Regla 64(n) de Procedimiento Criminal, concluimos que el foro primario no cumplió con los requisitos establecidos para atender una solicitud por violación a los términos de juicio rápido.

Ante el incumplimiento con las exigencias de la Regla 64(n) de Procedimiento Criminal, *supra,* revocamos el dictamen recurrido.

**IV.**

Por los fundamentos que anteceden, se expide el recurso de *certiorari* y se revoca la resolución recurrida. Se devuelve el caso al Tribunal de Primera Instancia para que emita una determinación escrita, que cumpla con los requisitos de la Regla 64(n), *supra,* y su jurisprudencia interpretativa. El TPI dará cumplimiento a lo

ordenado, de manera expedita, sin tener que esperar por la remisión de nuestro mandato, conforme establece en la Regla 214 de Procedimiento Criminal[26].

**Notifíquese inmediatamente.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[26] 34 LPRA Ap. II, R. 214.